UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | No. 2:13-cv-00910 TLN DAD P |
| Plaintiff, | |
| v. | ORDER |
| S. VANCE, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. Filing Fee or Application to Proceed In Forma Pauperis**

Plaintiff has not paid the required filing fee of $350.00 or filed an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a). Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.

**II. Plaintiff's Complaint**

Plaintiff's handwritten complaint is difficult to decipher because much of it is illegible. It appears, however, that plaintiff is attempting to allege that he was denied his right of access to the courts and was unconstitutionally retaliated against during the time period May 26, 2009 to July 2009, while he was incarcerated at California State Prison - Sacramento. In his complaint

1

1    plaintiff names three defendants: Captain S. Vance, Lieutenant Roth and Sergeant K. Henderson.

2    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
3    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
4    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
5    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
6    However, in order to survive dismissal for failure to state a claim a complaint must contain more
7    than "a formulaic recitation of the elements of a cause of action;" it must contain factual
8    allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550
9    U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
10   allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740
11   (1976). The court must also construe the pleading in the light most favorable to the plaintiff and
12   resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13   Here, the allegations in plaintiff's complaint are so vague and conclusory that the court is
14   unable to determine whether the current action is frivolous or fails to state a claim for relief. The
15   complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
16   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
17   the defendants and must allege facts that support the elements of the claim plainly and succinctly.
18   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege
19   with at least some degree of particularity overt acts which defendants engaged in that support his
20   claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
21   8(a)(2), the complaint will be dismissed. The court will, however, grant leave to file an amended
22   complaint.

23   **III. Legal Standard Applicable to a Denial of Access to the Courts Claim**

24   The Ninth Circuit has identified two types of access to court claims: "those involving
25   prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without
26   active interference." Silva v. DeVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011). As to a prisoner's
27   right to affirmative assistance, the right of access to the courts requires prison officials to assist
28   prisoners "in the preparation and filing of meaningful legal papers by providing prisoners with

adequate law libraries or adequate assistance from persons trained in the law." Id. (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)).  As to a prisoner's right to litigate without active interference, the right of access to the courts "forbids states from 'erect[ing] barriers that impede the right of access of incarcerated persons" to file civil actions that have a "reasonable basis in law or fact." Id. at 1102 (quoting Snyder v. Nolen, 380 F.3d 279, 290 (7th Cir. 2004) & John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)).  A prisoner asserting any denial of access to the courts claim must allege the anticipated or lost underlying cause of action as well an "actual injury," – "that is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996).  See also Christopher v. Harbury, 536 U.S. 403, 415 (2002); Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).

Therefore, if plaintiff elects to file an amended complaint, he must clarify in his allegations whether he is asserting a violation of his right to affirmative assistance or is instead alleging an active interference with his right of access to the courts.  In any amended complaint he elects to file plaintiff should also provide the case name and docket number of the court case(s) that were allegedly dismissed as a result of the challenged actions and should explain what action each defendant engaged in that resulted in the dismissal of plaintiff's court case(s).

**IV. Legal Standard Applicable to a Retaliation Claim**

It is well-established that prison inmates have a constitutional right to be free from retaliation for engaging in activity protected by the First Amendment, including pursuing "'civil rights litigation in the courts.'" Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir.2005) (quoting Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995)).  A prisoner's claim for unconstitutional retaliation has five elements.  First, plaintiff must allege and show that he engaged in conduct protected by the First Amendment.  See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.2012).  Second, a "plaintiff must claim that the defendant took adverse action against the plaintiff." Id. (citing Rhodes, 408 F.3d at 567).  "The adverse action need not be an independent constitutional violation." Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).  Third, plaintiff must allege and show a causal connection between the protected

3

1  conduct and the adverse action.  Id.  Fourth, the plaintiff must allege and prove either a chilling

2  effect on the exercise of his or her First Amendment rights or some other harm.  Id.  Finally, the

3  plaintiff must allege and establish that the retaliatory action "'did not advance legitimate goals of

4  the correctional institution.'"  Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985)).

5  If plaintiff elects to file an amended complaint, he must allege facts addressing each of these five

6  elements with respect to his retaliation claim.

7  **V. Amended Complaint**

8      If plaintiff chooses to file an amended complaint in this action, he must allege facts

9  demonstrating how the conditions complained of resulted in a deprivation of his federal

10 constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

11 amended complaint must also allege in specific terms how each named defendant was involved in

12 the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there

13 is some affirmative link or connection between a defendant's actions and the claimed deprivation.

14 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

15 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

16 official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

17 F.2d 266, 268 (9th Cir. 1982).

18     Plaintiff is informed that the court cannot refer to a prior pleading in order to make

19 plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

20 complete in itself without reference to any prior pleading.  This is because, as a general rule, an

21 amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

22 Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

23 function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

24 and the involvement of each defendant in the alleged constitutional violation must be sufficiently

25 alleged.

26 /////

27 /////

28 /////

**VI. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, either the $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order;

2. Plaintiff's May 8, 2013 complaint is dismissed;

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must answer each question in the form complaint and the amended complaint must be legible;

4. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

5. The Clerk of the Court is directed to provide plaintiff with the court's application for leave to proceed in forma pauperis by a non-prisoner and the form complaint for a section 1983 action.

Dated: March 17, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
beny910.14+